UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS RIVERA,

      Plaintiff,

-v-

RED ROBIN et al.,

      Defendants.

19-CV-9558 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

  Plaintiff Luis Rivera alleges that on January 22, 2019, he sustained injuries after a slip and fall at a restaurant operated by Defendants Red Robin and Red Robin International, Inc. (Dkt. No. 1-1 ("Compl.") ¶¶ 17–18.) Rivera initially filed suit in the Supreme Court of New York, Bronx County. (Compl. at 5.) On October 16, 2019, the case was removed to federal court. (*See* Dkt. No. 1.) Rivera now moves to amend his complaint to join Fatima Z. Niass as a defendant. (Dkt. No. 14.) The addition of Niass as a defendant would destroy diversity, requiring remand back to state court. (*See* Dkt. No. 15 at 8; Dkt. No. 18 at 6.) For the reasons that follow, the motion is denied.

  Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The choice to permit joinder is committed to the discretion of the district court, even for amendments as a matter of right. *Pu v. Russell Publ'g Grp., Ltd.*, No. 15-CV-3936, 2015 WL 13344079, at *3 (S.D.N.Y. Dec. 29, 2015). Such discretion is governed by a two-step inquiry: "courts first consider whether joinder would be appropriate under [Federal] Rule [of Civil Procedure] 20 and then proceed to weigh the competing interests in efficient adjudication and the need to protect diversity jurisdiction from

1

manipulation." *Wyant v. Nat'l R.R. Passenger Corp.*, 881 F. Supp. 919, 922 (S.D.N.Y. 1995). Here, Red Robin does not contest that joinder would be appropriate under Rule 20. (*See* Dkt. No. 18 at 10.) The question, then, is whether the balance of considerations on the second step weighs in favor of joinder.

The inquiry is one of "fundamental fairness," which turns on considerations that include "(1) any delay, as well as the reason for delay, in seeking joinder; (2) resulting prejudice to defendant; (3) likelihood of multiple litigation; and (4) plaintiff's motivation for the amendment." *Nazario v. Deere & Co.*, 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003). The last factor is "the most significant consideration in the fairness analysis." *Grant v. Johnson & Johnson*, No. 17-CV-3356, 2017 WL 6812035, at *3 (S.D.N.Y. Dec. 19, 2017). And here, that factor decisively weighs against joinder. It is difficult to avoid the conclusion that Rivera seeks joinder principally in order to manipulate this Court's jurisdiction. Rivera seeks to join Niass solely "to ensure that the individuals who were specifically responsible for the acts of negligence that caused [Rivera's] injures be included in the lawsuit." (Dkt. No. 15 at 11.) But under the doctrine of *respondeat superior*, the acts of Niass are imputed to Red Robin; accordingly, Rivera "can obtain full relief from [Red Robin] without joining [Niass]." *Core-Mark Intern. Corp. v. Commonwealth Ins. Co.*, No. 05-CV-183, 2005 WL 1676704, at *2 (S.D.N.Y. July 19, 2005); *see also Lederman v. Marriott Corp.*, 834 F. Supp. 112, 115 (S.D.N.Y. 1993) ("Since [the employer] can be held responsible for the behavior of its managers and employees . . . there is no need to include [an employee] as a separate defendant."). It seems, then, that joinder is being sought "solely to defeat diversity." *Id.* And the presence of an improper motive alone renders joinder and remand "inappropriate." *See Grant*, 2017 WL 6812035, at *3.

Accordingly, Rivera's motion for leave to amend is DENIED.  The Clerk of Court is directed to close the motion at Docket Numbers 13 and 14.

SO ORDERED.

Dated: April 2, 2020
New York, New York

_____
J. PAUL OETKEN
United States District Judge