## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS RIVERA,<br><br>　　　　　Plaintiff.<br><br>　-against-<br><br>RED ROBIN and RED ROBIN INTERNATIONAL, INC.<br><br>　　　　　Defendants. | Docket No. 1:19-CV-09558-JPO |

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), and with the consent of the parties and the approval of this Court, this Protective Order is issued to preserve and protect the confidentiality of documents referenced, disclosed, and produced in the above-captioned matter (the "litigation"), as follows:

　　1.　　All documents, testimony, and other materials that have been produced or will be produced by the parties in this case and are labeled "CONFIDENTIAL" shall be used only in this proceeding.

　　2.　　Use of any information or documents labeled "CONFIDENTIAL" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any other purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation.  Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of

80764532.1

this litigation.

3. The parties, and third parties subpoenaed by one of the parties, may designate as "CONFIDENTIAL" documents, testimony, written responses, or other materials produced in this litigation if they contain information that the producing party has a good-faith basis for asserting is confidential under the applicable legal standards. The party shall designate each page of the document with a stamp identifying it as "CONFIDENTIAL" if practical to do so.

4. If portions of documents or other materials deemed "CONFIDENTIAL" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal pursuant to applicable civil procedure rules, including the Court's local rules.

If a party is filing a document that it has itself been designated as "CONFIDENTIAL," that party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "CONFIDENTIAL," then the non-designating party shall file the document under seal.

5. Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "CONFIDENTIAL" any portion of the transcript that the party or witness contends discloses confidential information. If a transcript containing any such material is filed with the Court, it shall be filed under seal pursuant to Paragraph 4. Unless otherwise agreed, all deposition transcripts shall be treated as "CONFIDENTIAL" until the expiration of the thirty (30) day period.

6. "CONFIDENTIAL" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this litigation, except when any portion(s) of such pleadings, motions, briefs, etc. have

been filed under seal by counsel pursuant to Paragraph 4. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

7. A party seeking to file any documents designated as "CONFIDENTIAL" and subject to this Protective Order under seal shall file a motion with the Court to do so, if necessary, and comply fully with the applicable civil procedure rules, including the Court's local rules.

8. Use of any information, documents, or portions of documents marked "CONFIDENTIAL," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

    a. Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

    b. In-house counsel for the parties, and the administrative staff for each in-house counsel.

    c. Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

    d. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

    e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

    f. The authors and the original recipients of the documents.

    g. Any court reporter or videographer reporting a deposition.

    h. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

    i. Adjusters and staff of the parties' insurance carriers and third party administrators.

9. Prior to being shown any documents produced by another party marked "CONFIDENTIAL," any person listed under Paragraph 8(d) shall agree to be bound by the terms of this Protective Order by signing the agreement attached as **Exhibit A**.

10. Whenever information designated as "CONFIDENTIAL" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in Paragraph 8, for that portion of the deposition, hearing or pre-trial proceeding.

11. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order.  If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party.  As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure.  If the parties are unable to resolve the matter informally, then the parties shall set the dispute for a hearing pursuant to the Court's discovery dispute process.  Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed.  A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

12. The inadvertent failure to designate a document, testimony, or other material as "CONFIDENTIAL" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "CONFIDENTIAL."  The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party.

80764532.1

Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

13. Designation by either party of information or documents as "CONFIDENTIAL," or failure to so designate, will not constitute an admission that such information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "CONFIDENTIAL."

14. Upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to amicably resolve and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "CONFIDENTIAL" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents as allowed by applicable state and/or federal law and rules of professional responsibility.

15. This Protective Order shall not constitute a waiver of any party's or nonparty's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

80764532.1

16. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

17. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

18. Nothing in this Protective Order shall prohibit or otherwise restrict a disclosing party's use or disclosure of information, documents or things if, at the time of such use or disclosure, a party is merely using or disclosing its own information.

[END OF STIPULATED PROTECTIVE ORDER. SIGNATURES FOLLOW.]

Dated: December 7, 2021.

**BY THE COURT:**

_____
J. PAUL OETKEN
United States District Judge

**SO STIPULATED:**

Dated: December 3, 2021
      Poughkeepsie, New York

                              */s/ Thomas R. Leemon*
                              Thomas R. Leemon, Esq., admitted *pro hac vice*
                              Polsinelli PC
                              *Counsel for Defendant,*
                              *Red Robin International, Inc.*
                              1401 Lawrence Street, Suite 2300
                              Denver, CO 80202
                              (303) 583-8223
                              tleemon@polsinelli.com

                              */s/ Frank P. Izzo*
                              Frank P. Izzo, Esq. (FI 3613)
                              Rivkin Radler LLP
                              *Counsel for Defendant,*
                              *Red Robin International, Inc.*
                              2649 South Road, Suite 100
                              Poughkeepsie, New York 12601
                              (845) 473-8100
                              frank.izzo@rivkin.com

                              */s/ Jordan Rutsky*
                              Jordan Rutsky (FG-1938)
                              Merson Law PLLC
                              *Counsel for Plaintiff, Luis Rivera*
                              950 Third Avenue, 18th Floor
                              New York, New York 10022
                              (212) 603-9100
                              jrutsky@mersonlaw.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS RIVERA,<br><br>   Plaintiff.<br><br> -against-<br><br>RED ROBIN and RED ROBIN INTERNATIONAL, INC.<br><br>   Defendants. | Docket No. 1:19-CV-09558-JPO |

**EXHIBIT A TO PROPOSED STIPULATED PROTECTIVE ORDER**

I, _____, do hereby agree to adhere to the terms of the Stipulated Protective Order entered in this action. Any documents marked "CONFIDENTIAL" shall be reviewed solely for the purposes of my involvement in this litigation and will not be disseminated or disclosed in any manner to any other individuals who are not contemplated in Paragraph 8 of the Stipulated Protective Order.

_____   _____
(Signature)               (Date)

80764532.12299124.v1